FABIO E. MARINO (SBN 183825)
fmarino@mwe.com
L. KIERAN KIECKHEFER (SBN 251978)
kkieckhefer@mwe.com
JUDITH S.H. HOM (SBN 203482)
jhom@mwe.com
NITIN GAMBHIR (SBN 259906)
ngambhir@mwe.com
BARRINGTON DYER (SBN 264762)
bdyer@mwe.com
TERI H.P. NGUYEN (SBN 267498)
thpnguyen@mwe.com
NATALIE BENNETT (*Pro Hac Vice)*
nbennett@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: 650 815 7400
Facsimile: 650 815 7401

Attorneys for Defendant and Counterclaim-Plaintiff
DIABLO TECHNOLOGIES, INC.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

NETLIST, INC., a Delaware corporation,

Plaintiff and Counterclaim-Defendant,

vs.

DIABLO TECHNOLOGIES, INC., a Canadian corporation,

Defendant and Counterclaim-Plaintiff.

CASE NO. 4:13-cv-05962 YGR
(Related Case No. 4:13-cv-05962 YGR)

**DECLARATION OF NATALIE BENNETT PURSUANT TO CIV. L.R. 79-5(e)(1) IN SUPPORT OF NETLIST, INC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 231)**

Judge: Hon. Yvonne Gonzalez-Rogers

I, Natalie Bennett, state and declare as follows:

1. I am a member in good standing of the State Bar of Illinois and the District of Columbia and an Associate at the law firm of McDermott Will & Emery LLP, counsel of record for Defendant and Counterclaim-Plaintiff Diablo Technologies, Inc. ("Diablo") in this action and am authorized to make this Declaration in that capacity.

2. I submit this Declaration under Local Rule 79-5(e)(1) in support of the sealing of certain documents that have previously been marked "Highly Confidential—Attorney's Eyes Only" and "Confidential" as defined in the Stipulated Protective Order (Dkt. No. 149). On November 11, 2014, Plaintiff Netlist, Inc. ("Netlist") filed an administrative motion for leave to file under seal and/or redact certain exhibits that contained Netlist and/or Diablo confidential information in support of its Reply in support of its Motion for a Preliminary Injunction. As set forth in Netlist's requests, the following Exhibits contain Diablo's confidential information and were so designated: Exhibits 26, 27, 28, 29, 30, 31, 32, 34, 36, 37, and 38 to the Supplemental Declaration of Benjamin K. Riley (Dkt. No. 230-1).

3. Each of the aforementioned Exhibits contain information that was properly filed under seal or redacted because the contents were not intended to be viewed by the public pursuant to the Stipulated Protective Order.

4. In particular, Exhibit 26 to the Supplemental Declaration of Benjamin K. Riley is the excerpted deposition transcript of John Vincent. Mr. Vincent is a former Diablo employee who testified to the design specification for proprietary products, including unreleased products. In conferring with counsel for Netlist, Diablo indicated that it was amenable to unsealing certain portions of the deposition transcript, including those pages that are already part of the public record in support of Diablo's opposition to Netlist's Motion for a Preliminary Injunction. Diablo does not object to making public the testimony surrounding an anonymous letter purportedly sent to Netlist in so far as the questions are intended to elicit the witness's level of knowledge and familiarity with the contents of the letter and the corresponding answers do not reveal Diablo's confidential business information or proprietary engineering details. Diablo does, however, maintain that the identity of certain Diablo customers in the whistleblower letter (and testimony

corresponding thereto) are confidential. Diablo further designated as confidential the excerpted pages of Mr. Vincent's deposition transcript that discuss the proprietary technical details underlying certain Diablo products and the identity of certain former Diablo employees.

5. In particular, Exhibit 27 to the Supplemental Declaration of Benjamin K. Riley is an email from Diablo's CEO to other Diablo employees and individuals employed by a third party. The contents of the messages would not be available to the public during the normal course of business. Diablo is discussing with the third party proposed solutions for a specific interface. Within the email, Diablo articulates the design specification for proprietary products, as well as the specifics of its confidential contractual obligations.

6. In particular, Exhibit 28 to the Supplemental Declaration of Benjamin K. Riley is an internal email thread between Diablo employees as well as an email thread between Diablo employees and individuals employed by a third party. The contents of the messages would not be available to the public during the normal course of business. The contents of the messages demand the signing of a Non-Disclosure Agreement, as the parties are contemplating a proposal to collaborate in the development of a specific product for which the proprietary design specifications are set forth in the exchange.

7. In particular, Exhibit 29 to the Supplemental Declaration of Benjamin K. Riley is the excerpted deposition transcript of Diablo's Chief Executive Officer, Riccardo Badalone. The discussion of confidential topics during Mr. Badalone's deposition was so pervasive that it was not realistic to redact each such line of questioning. Within the designated portions of the excerpted transcript, Mr. Badalone discussed Diablo's revenue history derived from certain products, sales numbers for a third party product, commentary regarding a third party's manufacturing/assembly process, discussions with third parties regarding the proposed design of a specific interface—the details of which are subject to trade secret protections—and a variety of details regarding Diablo's internal operating procedures and product development efforts. Likewise, Exhibit 31 to the Supplemental Declaration of Benjamin K. Riley is the excerpted deposition transcript of Diablo engineer Michael Takefman. Mr. Takefman's testimony should be sealed for many of the same reasons identified for Mr. Badalone's testimony. Furthermore, as

someone whose primary responsibilities include the engineering of propriety products or products features (such as circuit design), Mr. Takefman's excerpted testimony includes the precise operational details of Diablo chipsets, details which are subject to trade secret protections.

8. In particular, Exhibit 30 to the Supplemental Declaration of Benjamin K. Riley is the exchange of emails between Diablo's CEO and an outside vendor discussing the proprietary design details for Diablo products.

9. In particular, Exhibit 32 to the Supplemental Declaration of Benjamin K. Riley is an internal email thread between Diablo employees. The contents of the messages would not be available to the public during the normal course of business. The contents of the messages include Diablo's internal characterizations of a product in the midst of development, a product that to this day has never been publicly released. The internal messages also discuss certain technical obstacles the team was working to overcome, as well as Diablo's strategies for securing intellectual property protection.

10. In particular, Exhibit 34 to the Supplemental Declaration of Benjamin K. Riley is an internal email thread between Diablo employees. The contents of the messages would not be available to the public during the normal course of business. The contents of the messages include Diablo's top business priorities, the employee's review of draft contractual agreements, and Diablo's licensing strategy for its intellectual property.

11. In particular, Exhibit 36 to the Supplemental Declaration of Benjamin K. Riley is the Supplemental Expert Report of Kenneth A. Jansen in support of Netlist's Reply. Diablo incorporates by reference Netlist's reasons for filing this exhibit under seal, as well as the statements in support of filing Mr. Jansen's opening Expert Report under seal and filing Mr. McAlexander's Expert Declaration under seal. In each of these instances, the proprietary engineering details of Diablo's products, both released and unreleased, are discussed in great detail. Inadvertent disclosure of the technology underlying Diablo's products implicates a serious risk of competitive harm to Diablo.

12. In particular, Exhibit 37 to the Supplemental Declaration of Benjamin K. Riley is an email from Diablo's CEO to Netlist's CEO that discusses Diablo's financial situation and

identifies third party investors. The contents of the messages would not be available to the public during the normal course of business. Within the email, Diablo articulates certain revenue objectives and Diablo's internal outlook on long term operating goals.

13. In particular, Exhibit 38 to the Supplemental Declaration of Benjamin K. Riley is a presentation prepared by Diablo regarding market/revenue opportunities for an unreleased product. Diablo's financial modeling is confidential and should not be available to competitors.

14. The items sought to be filed under seal by Plaintiff contain information that, if disclosed to other entities in the same industry, implicates a serious risk of competitive harm to Diablo. Furthermore, distribution of such information would put Diablo in a position whereby it could be in violation of non-disclosure commitments to third parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of November, 2014 in Washington, DC.

/s/ *Natalie Bennett*
Natalie Bennett

DM_US 56789835-1.095339.0011