UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NETLIST INC.**,<br><br>   Plaintiff,<br><br>   v.<br><br>**DIABLO TECHNOLOGIES, ET AL.**,<br><br>   Defendants. | Case No.  13-cv-05962-YGR<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br>Re: Dkt. Nos. 195, 196, 197, 198, 203, 212, 215, 216, 223, and 231 |

Plaintiff Netlist Inc. and Defendant Diablo Technologies have each filed motions to seal in connection with evidence and briefing submitted in support of and in opposition to Netlist's Motion for Preliminary Injunction. Each of these motions and the supporting declarations are addressed to the lower "good cause" standard under Rule 26(c) of the Federal Rules of Civil Procedure.

In the Ninth Circuit, two different standards govern motions to seal, depending upon the nature of the proceeding in connection with which the documents are submitted. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010).  For many judicial records, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records. *Id. citing Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006).  However, a different standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims. *Kamakana,* 447 F.3d at 1179-80.  The Rule 26(c) "good cause" standard applies to documents submitted in connection with non-dispositive motions, such as discovery motions, which the court may seal "to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos,* 565 F.3d at 1116.

The Ninth Circuit has not yet addressed the question of the appropriate standard to apply to a request for sealing in connection with a preliminary injunction motion. Trial courts in the Ninth Circuit, and within this district, have taken different approaches. Compare, *e.g.*, *Apple, Inc. v. Samsung Electronics Co.*, No. 12-CV-00630-LHK, 2012 WL 2936432, at *3 (N.D. Cal. July 18, 2012) ("the exceptionally strong public interest in the preliminary injunction proceedings in this case merits imposition of the heightened 'compelling reasons' standard that governs the sealing of documents attached to dispositive motions or submitted in trial"), *reversed on different grounds by Apple Inc. v. Samsung Electronics Co., Ltd.,* 727 F.3d 1214 (2013); and *Yountville Investors, LLC v. Bank of Am., N.A.*, No. C08-425RSM, 2009 WL 411089, at *2 (W.D. Wash. Feb. 17, 2009) (documents submitted in connection with preliminary injunction are, like those in connection with summary judgment, required to meet "compelling reasons" standard for sealing) with *In re Nat'l Sec. Agency Telecommunications Records Litig.*, No. MDL 06-1791 VRW, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20, 2007) ("In view of the Ninth Circuit's reasoning [in *Kamakana*], the court concludes that a preliminary injunction motion is not dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the merits nor serves as a substitute for trial.") While a preliminary injunction may involve many of the same issues as a trial or dispositive motion, and indeed looks to the likelihood of prevailing on the merits of the case, the motion for preliminary injunction is, strictly speaking, non-dispositive.

Under the lower "good cause" standard, the Court **GRANTS** the motions to seal. The documents sought to be sealed meet this more lenient standard, though, in many instances, only barely so.

The Court cautions the parties that the documents are sealed **ONLY** for purposes of the motion for preliminary injunction. This order does not allow any party to seal the documents or portions thereof in connection with trial or any pre-trial motions. Any party seeking to seal documents will be required to meet the higher "compelling reasons" standard for any documents sought to be sealed in connection with trial. The parties are directed to meet and confer on the

proper scope of any sealing requests and to present them jointly. The following documents are **ORDERED SEALED**:

1. <u>Motion to Seal at Dkt. No. 195</u>

Exhibits 1 and 6-24 to the Declaration of Benjamin K. Riley.

2. <u>Motion to Seal at Dkt. No. 196</u>

Exhibit A to the Declaration W. Paul Schuck, and Exhibit 3 thereto.

3. <u>Motion to Seal at Dkt. No. 197</u>

Unredacted Version of the Declaration of Chuck Hong and Exhibits 6 (entire), 11, 17 and 18 (redacted) thereto.

4. <u>Motion to Seal at Dkt. No. 198</u>

Unredacted Declaration of Hyun Lee and Exhibits 1 to 8 and 10 to 14 thereto.

5. <u>Motion to Seal at Dkt. No. 203</u>

Unredacted Version of Netlist, Inc.'s Memorandum in Support of Motion for Preliminary Injunction.

6. <u>Motion to Seal at Dkt. No. 212</u>

   a. Declaration of Riccardo Badalone (Exhibit D) -- paragraphs 4 through 7 and paragraph 9, and Exhibits D1 through D4;

   b. Declaration of Cedric Paillard (Exhibit E) -- paragraphs 5 through 13 and paragraphs 17 through 19, and Exhibits E1 through E5; and

   c. Declaration of Michael Takefman (Exhibit F) -- paragraphs 3 through 16, including the highlighted portions in the corresponding footnotes, and Exhibits F1 through F9.

7. <u>Motion to Seal at Dkt. No. 215</u>

Diablo's unredacted brief in opposition and Exh. A-1, A-2, and A-17 to the Declaration of Natalie Bennett.

8. <u>Motions to Seal at Dkt. Nos. 216 and 223</u>

The expert Report of Joseph McAlexander and Exhibits C-9, C-11, C-14, C-15, C-16, C-24, C-25, C-28, C-29 and C-30 to the Declaration of James E. Malackowski.

9. <u>Motion to Seal at Dkt. No. 231</u>

(1) the unredacted version of Netlist's Reply;

(2) Supplemental Declaration of Benjamin K. Riley at Exh. 26-32, 34, 36, 37, and 38; and

(3) the unredacted version of the Supplemental Declaration of Chuck Hong.

This Order terminates Docket Numbers 195, 196, 197, 198, 203, 212, 215, 216, 223, and 231.

**IT IS SO ORDERED.**

Dated:  January 6, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**

4