UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NETLIST INC**, <br> Plaintiff, <br> v. <br> **DIABLO TECHNOLOGIES INC**, <br> Defendant. | Case No. 13-cv-05962-YGR <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION OF THIRD PARTIES SMART STORAGE AND SANDISK** <br><br> Re: Dkt. No. 254, 262 |

On January 6, 2014, third parties SMART Storage Systems, Inc. and SanDisk Corporation (collectively "SanDisk/SMART Storage") filed their Motion for Leave to File Motion for Reconsideration. The Court directed the parties and third parties to file further briefing with respect to the motion for reconsideration, which the Court has reviewed. (*See* Dkt. Nos. 256, 261, 262, 269, 270.)

Based upon the motion, the documents in support and in opposition thereto, and the other pleadings and evidence in this matter, the Court **DENIES** the Motion for Reconsideration. SanDisk and SMART Storage were on notice of the motion for preliminary injunction and the scope of relief sought therein. Counsel for SanDisk and SMART Storage was present at the hearing on the preliminary injunction and did not seek to be heard. SanDisk/SMART Storage cannot now complain of the strategic choice to stand silent while watching; only requesting relief after an adverse ruling. Notwithstanding that choice, nearly the same arguments now raised by SanDisk/SMART Storage with respect to the scope of the injunction, and whether SanDisk/ SMART Storage should be bound by its terms, were raised by defendant Diablo Technologies Inc. ("Diablo") in the preliminary injunction proceedings.

No dispute exists that SanDisk/SMART Storage is in a partnership with Diablo as respects the Rush and Bolt chips, which are incorporated into the ULLtraDIMM products that SanDisk/

SMART Storage are now manufacturing and selling. Under Federal Rule of Civil Procedure 65(d)(2), an injunction may bind "persons who are in active concert with" the defendant with respect to the subject matter of the injunction. While it is true that "a court generally may not enjoin a non-party to the action before it…[a] party who acts in concert with an enjoined party, however, may be subject to the strictures of an injunction." *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1384 (Fed. Cir. 2013) (internal citations omitted). "'Active concert or participation' has been interpreted to include both aiders and abettors of, and privies of, an enjoined party." *Id.* (citing, *inter alia*, *Golden State Bottling Co., v. NLRB,* 414 U.S. 168, 179–80 (1973)). This understanding of "active concert or participation" takes into account the concern that the objectives of an injunction may be "thwarted by the conduct of parties not specifically named." *Id.*

In *Aevoe*, the Federal Circuit affirmed enforcement of an injunction against a reseller of products because it was acting in concert with the accused patent infringer defendant. *Id.* The contractual relationship between the defendant and the reseller made the reseller a privy of the defendant, and therefore bound by the terms of the injunction, even if not specifically named in the injunction. *Id.* The district court's later amendment of the injunction order simply confirmed what was obvious from the original injunction, that contracting partners of the defendant could not sell the infringing products any more than the defendant who was expressly barred from doing so by the original order. *Id.*[1]

Here, as in *Aevoe*, the record before the Court indicates that there is a significant history and contractual relationship between Diablo and SanDisk/SMART Storage bearing directly on the conduct to be enjoined, such that SanDisk/SMART Storage are "persons who are in active concert with" Diablo with respect to the subject matter of the injunction. SanDisk/SMART Storage and Diablo have worked together in a partnership and agreement to develop the ULLtraDIMM product

---

[1] The citation by Diablo and SanDisk/SMART Storage to *Am. Semiconductor, Inc. v. California Assignments LLC*, No. 12-CV-06138-LHK, 2013 WL 5937968 (N.D. Cal. Oct. 30, 2013) is inapposite, since that case was focused on whether a successor in interest to a company could be bound by an injunction, not whether a party in an active contractual relationship selling the products at issue could be bound.

which the record suggests is the only product using the Rush and Bolt chips from Diablo. In May 2013, Diablo publicly announced that it had entered into an exclusive relationship with SMART Storage to design and manufacture the ULLtraDIMM product. (Hong Dec., Dkt. No. 192, ¶63.) Three months later, on about August 12, 2013, SMART Storage publicly announced that it had begun customer sampling of the ULLtraDIMM module it developed with Diablo. (*Id.*) In June 2014, IBM began selling the ULLtraDIMM product under the brand name "eXFlash." (*Id.* at 66.) As of the present time, SanDisk and SMART Storage have issued multiple purchase orders to Diablo for Rush and Bolt chips, some of which have been fulfilled and some yet to be delivered. (Dkt. No. 270-5.) In sum, the particular nature of the relationship here establishes an identity of interests, and lack of independence, as between Diablo and SanDisk/SMART Storage to consider them in privity for purposes of the preliminary injunction.

Just as the preliminary injunction bars Diablo from "manufacturing, using, distributing and/or selling the Rush and Bolt integrated circuits," it properly bars those in privity with Diablo and with notice of the preliminary injunction from doing so. The Court's identification of SanDisk and SMART Storage in the preliminary injunction order as entities "in active concert or participation with Diablo" with respect to the subject of the injunction is completely consistent with the Court's authority under Rule 65(d)(2).[2] This clarification in the Court's analysis will supplement the final order issued with respect to the injunction, as well as the bond amount, and other warranted changes.

This order terminates Dkt. Nos. 254 and 262.

**IT IS SO ORDERED.**

Dated: January 12, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] The record indicates that SanDisk/SMART Storage was on notice of the allegations in the litigation and aware of the potential for a preliminary injunction relative to the Rush and Bolt chips well before it began selling the ULLtraDIMM product to the public in June 2014. Given that, SanDisk/SMART Storage cannot now claim to be a bystander to the litigation, caught unawares of the risk of proceeding with manufacturing and selling the ULLtraDIMM product.