UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NETLIST, INC.,**<br>     Plaintiff,<br>**vs.**<br>**DIABLO TECHNOLOGIES, INC.,**<br>     Defendant. | Case No.: 13-cv-5962 YGR<br><br>**PRETRIAL ORDER NO. 1 RE INITIAL PRETRIAL CONFERENCE** |

On January 13, 2015, the Court held a status conference and issues the following orders:

1. **Trial Date and Schedule:** The trial of this matter is confirmed to proceed with jury selection on March 2, 2015 with the balance of trial to resume on March 9, 2015. Trial schedule shall be Monday through Thursday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks.

2. Each side shall be limited to twenty (20) hours including opening statements and closing arguments.

3. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Side bars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

4. The Court sets the next pre-trial conference for **February 13, 2015,** at 9:30 a.m.

5. **Standard Motions *in Limine*:** The Court hereby orders: (a) that witnesses shall be excluded until testimony is completed; (b) that there shall be no reference to or evidence presented of

settlement discussions, mediation, or insurance; and (c) that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).

6. Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

7. **Procedural Stipulations**: Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by the Friday, **February 13, 2015**.

8. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference.  Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.  The parties shall file a list of all witnesses in alphabetical order to be shown to prospective jurors during voir dire.

9. **Exhibits and Exhibit Lists:** The parties are limited to using the Exhibits submitted to the Court on the Friday before the trial date.  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

10. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so.  The US Marshals require court order to allow equipment; parties will need to file request specifying all necessary equipment and shall provide a proposed order.

11. **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson/Wheeler* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.  Parties will each be allowed twenty (20) minutes a side to conduct voir dire.

12. **Juror Questionnaire:** Given the length of the trial, the Court will pre-qualify jurors. The parties shall provide the Court with a joint proposed questionnaire not to exceed three pages additional to the Court's standard single page (attached hereto).  Such joint proposal shall be submitted by **January 26, 2015**.

13. **Use of Facilities During Voir Dire:** During voir dire you will use the bathrooms in the jury room so that you do not share the facilities with the potential jurors.  You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

14. **Instructions:** Per the Court's Standing Order, the Court will give Model Instructions 1.1B, 1.2, 1.3 and/or 1.4, 1.6–1.12, 1.14–1.15, 1.19, and 3.1–3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit  (2007 Edition).

15. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial.  Any objections not resolved must be filed in writing by the Thursday before trial.  The parties shall be available by telephone on the Friday

before trial to discuss the issues raised with the Court.  The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

16.   **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  To the extent not identified as an exhibit, counsel shall lodge with the Court on the first day of trial one copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

17.   **Doe Defendants**:  All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

18.   **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available.   The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts.  Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

19.   **Deposition Transcripts Read At Trial**: With the exception of portions read for purposes of impeachment, a transcript shall be provided on the same day proffered of the portions read to the jury.  The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall file in the docket a copy of that portion of the transcript used during the trial.  The filing shall be designated:  "Plaintiff's /Defendant's Trial Related Transcript(s) for Deposition Transcripts Read to the Jury."  The filing shall include an index listing the name of the deponent-witness and the date used during trial.

4

20. **Video Depositions at Trial:**  A video deposition may only be shown after the designations, counter-designation and objections are resolved.  A transcript shall be provided of the portions played to the jury.  The court reporter shall be relieved of her duties to transcribe that portion of the trial.  In lieu of the court reporter's transcription, the parties shall file in the docket a copy of that portion of the transcript used during the trial.  The filing shall be designated:  "Plaintiff's /Defendant's Trial Related Transcript(s) for Video Deposition(s)."  The filing shall include an index listing the name of the deponent-witness and the date used during trial.

21. **Witnesses at Trial:**  The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

22. **Objections:**  There shall be no "speaking objections" and no rebuttal to an objection unless requested by the Court, in which case it shall be brief – *e.g.*, "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

23. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

24. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

25. **Settlement Conference:**  The Court hereby appoints Magistrate Judge Joseph Spero to assist the parties with settlement discussions as needed.

26. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement.  The notification shall indicate what further steps need to be taken to finalize the settlement.  Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled.  Civ. L.R. 40-1.  Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

27. **Trial Decorum and Procedure:**  Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

28. **Failure to Comply:**  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

Date: January 14, 2015

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **PLAINTIFF,**<br><br>VS.<br>,<br><br>**DEFENDANTS** | CASE NO.: YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(EXHIBIT A TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

    For the Plaintiff _____     For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

    For the Plaintiff _____     For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

    For the Plaintiff _____     For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy Clerk's determination that all jurors are present.

    For the Plaintiff _____     For the Defendant _____

In the absence if the trial judge, any judge of this court may receive the verdict.

    For the Plaintiff _____        For the Defendant _____

(Party Name) _____      (Party Name) _____

_____    _____

    Signature (Plaintiff's Attorney)              Signature (Defense Attorney)