UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NETLIST, INC.,**

Plaintiff,

vs.

**DIABLO TECHNOLOGIES, INC.,**

Defendant.

Case No.: 13-cv-5962 YGR

**PRETRIAL ORDER NO. 2**

On February 13, 2015, the Court held a pretrial readiness conference. Following the discussion on the record therein, the Court memorializes and issues the following orders:

**I.      Procedural Issues**

**A.      Further Pretrial Conference**

The Court sets a further pretrial readiness conference for **Wednesday, February 25, 2015, at 2:00 p.m.**

**B.      Exhibits**

Once the parties have finalized their meet and confer regarding exhibits, they shall file a Revised Joint Exhibit List. The parties shall submit all exhibits to the Court in electronic format. To the extent certain exhibits or portions of exhibits are the subject of, or exemplary of, issues raised in the outstanding motions *in limine*, such exhibits should be appropriately highlighted.

**C.      Discovery Excerpts**

The parties will further meet and confer and submit a revised Joint Pretrial List of Discovery Excerpts which more clearly identifies which excerpts are in dispute and which are not. To the extent there continue to be disputes with respect to the deposition designations, the parties are directed to provide the complete deposition, highlighting and annotating the portions as to which

there are objections. The parties shall also provide a proposed form of order on the objections, listing the objections on which a ruling is requested and a space to indicate the Court's ruling (*i.e.,* "sustained \_\_\_\_ overruled \_\_\_\_") following each objection. The depositions and proposed order shall be provided to the Court no later than **February 25, 2015**.

### D. Protective Order Re: Trial

The parties' Joint Proposal re: Trial Protective Order for Courtroom Attendees (Dkt. No. 324) is **DENIED**. The Court does not find the parties' proposal to be workable and will not require members of the public who wish to observe the trial to execute an agreement in order to do so.

### E. Jury Questionnaires/Investigation

The parties will be provided with a copy of the completed jury questionnaires for the jury panel. The Court anticipates that copies of those questionnaires will be available to the parties by February 25, 2015.

In accordance with Model Rule of Professional Conduct 3.5(b) and A.B.A. Formal Opinion 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but...may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would be the type of ex parte communication prohibited by Model Rule 3.5(b)."

### F. Jury Instructions

The parties are directed to continue to meet and confer on their proposed jury instructions. Both parties may submit further briefing on their dispute regarding burden of proof instructions. The briefing may be no more than two pages each, to be filed no later than **February 23, 2015**.

## II. Motions *In Limine*

### A. Netlist's Motion *In Limine*

The motion is overly broad and does not identify specific evidence or examples of documents that Netlist is seeking to exclude beyond evidence that the parties have already stipulated will not be admissible. (*See* Dkt. No. 314 at Stipulation No. 1.)

**B.     Diablo's Motions *In Limine***

    **1.     MIL No. 1 (Anonymous Letter)**

The parties have agreed that the letter itself will not be admitted into evidence. The Court reserves ruling on the remainder of the motion until the parties have submitted any deposition designations that may include mention of the letter.

    **2.     MIL No. 2 (Contract Interpretation)**

The motion is overly broad since some extrinsic evidence relevant to contract interpretation within the categories identified is admissible.

Diablo may submit a further brief of two pages specifically identifying the documents at issue and the applicable California authority for excluding them. Netlist may submit a two-page response.

    **3.     MIL. No. 3 (Irreparable Harm Evidence)**

The parties agree, as does the Court, that evidence regarding prior rulings is not admissible. Further, the Court anticipates hearing evidence specific to the question of injunctive relief out of the presence of the jury, after it has been instructed.

Diablo may submit briefing identifying the particular evidence on this issue that it contends should not be admitted for consideration by the jury, and Netlist may submit a two-page response.

Further, and related to the question of harm, Netlist contends that the jury should be instructed that unjust enrichment is a measure of contract damages. Netlist may submit a two-page brief on this issue and Diablo may submit a two-page response.

    **4.     MIL No. 4 (Products Using Trade Secrets)**

The parties continue to dispute whether evidence of use of the Trade Secrets in the planned Netlist HyperVault product should be excluded for failure to disclose in the course of discovery. Netlist contends the information was not covered by Diablo's interrogatory and should not be excluded.

Netlist may submit a two-page brief on this issue and Diablo may submit a two-page response.

3

**5.     MIL No. 5 (FUN DIMM)**

The motion *in limine* is **DENIED**.

**6.     MIL No. 6 (Reasonable Royalty Damages) and No. 7 (Lost Opportunity Damages)**

The parties agree that these motions *in limine* are **MOOT**, based upon Netlist's representations.

**7.     MIL No. 8 (Head Start Period)**

The motion *in limine* is **DENIED**.  Diablo's objections to Jansen's calculation of a head start period do not require exclusion of his opinion.  The jury can give the testimony the appropriate weight.

**8.     MIL No. 9 (Jansen's Statements Re: Contract Meaning)**

At the hearing Netlist agreed that any statements offered by Kenneth Jansen about the meaning of contract terms would be presented as assumptions, provided by Netlist, on which he based his damages analysis.  Based on that limitation, the motion is **DENIED AS MOOT**.

Where the Court has solicited further briefing and responses as stated above, unless otherwise stated, the supplemental briefing is due **February 19, 2015,** and the response briefing is due **February 23, 2015**.

**IT IS SO ORDERED.**

Dated:  February 17, 2015

**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**