UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NETLIST, INC.,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**DIABLO TECHNOLOGIES, INC.,**<br><br>　　　　Defendant. | Case No.: 13-cv-5962 YGR<br><br>**PRETRIAL ORDER NO. 3** |

On February 25, 2015, the Court held a further pretrial readiness conference. Following the discussion on the record therein, and the parties' submission of a proposed form of order, the Court memorializes and issues the following orders:

**I.   MOTIONS IN LIMINE**

**A.   Netlist's Motion in Limine to Exclude Evidence Regarding Prior Lawsuits, Financing and Licensing**

*1.   Evidence of Prior Lawsuits Involving Netlist*

Plaintiff Netlist, Inc.'s ("Netlist") motion is **GRANTED IN PART** as to naming specific companies that Netlist has been involved with in litigation. Defendant Diablo Technologies, Inc. ("Diablo") shall not argue or introduce testimony or evidence naming any company with which Netlist has been involved in litigation. However, Diablo witnesses may testify generally regarding their state of mind and belief, without referencing specific litigation or parties. To the extent Diablo seeks to admit documents that contain references to Netlist's prior litigation, the litigation and party sections of those documents shall be redacted.

*2. Financing and Licensing*

As to Netlist's motion to exclude evidence regarding Netlist's financing and licensing, the parties shall meet and confer on which trial exhibits, and which portions of those exhibits, this ruling would affect. The parties shall deliver those excerpts, with the relevant portions highlighted, to the Court by the end of the day on **February 27, 2015**.

Once the Court has reviewed the submitted documents, it will rule on which documents and which portions are admissible.

**B.     Diablo's Motion in Limine No. 1 (Anonymous Letter)**

As the Court stated in Pretrial Order No. 2 issued on February 17, 2015 (Dkt. No. 336), the parties have agreed that the letter itself will not be admitted into evidence. Pursuant to Pretrial Order No. 2, the parties have submitted deposition designations that include mention of the letter. The Court reserves ruling on the admissibility of those designations.

**C.     Diablo's Motion in Limine No. 2 (Contract Interpretation)**

Pursuant to Pretrial Order No. 2, Diablo has submitted six emails that it seeks to exclude. The Court will review those six emails and reserves ruling on their admissibility.

Diablo also requests exclusion of any testimony by Netlist's CEO C.K. Hong on industry custom and usage as to the implementation rights granted to Diablo in the parties' Development and Supply Agreement. The Court reserves ruling on this issue until it has resolved whether this portion of the Development and Supply Agreement is ambiguous, and whether Netlist can establish a sufficient foundation for the testimony.

In connection with this motion, both parties shall, in separate filings, by the end of the day on **March 2, 2015**, e-file documents setting forth: (1) the specific language in the Development and Supply Agreement that they believe is ambiguous; (2) their proposed meanings of those terms; and (3) any evidence supporting those proposed meanings. The parties shall file any responses to the other party's filings by the end of the day on **March 5, 2015**.

### D. Diablo's Motion in Limine No. 3 (Netlist's Harm)

Diablo's Motion in Limine No. 3 as to evidence of Netlist's harm is **DENIED WITHOUT PREJUDICE** to Diablo making objections at trial to specific testimony on the grounds of Federal Rule of Evidence 403.

### E. Diablo's Motion in Limine No. 4 (HyperVault's Use of Trade Secrets)

Netlist shall e-file and submit to the Court, by the end of the day on **February 27, 2015**, no more than one page setting forth the evidence that Netlist intends to introduce at trial concerning the use of the Netlist Trade Secrets by its HyperVault module, now under development. The Court reserves ruling on this motion until it has reviewed this submission from Netlist.

## II. ISSUES RAISED BY PROPOSED JURY INSTRUCTIONS

### A. Unjust Enrichment

Diablo's objection to Netlist being allowed to seek unjust enrichment on its breach-of-contract claims is **DENIED**.

### B. Standard of Proof on Exemplary Damages for Trade Secret Misappropriation

The Court reserves ruling regarding on which standard of proof it will instruct the jury regarding exemplary damages for trade secret misappropriation.

**IT IS SO ORDERED.**

Dated: February 27, 2015

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

3