FABIO E. MARINO (SBN 183825)
fmarino@mwe.com
L. KIERAN KIECKHEFER (SBN 251978)
kkieckhefer@mwe.com
NITIN GAMBHIR (SBN 259906)
ngambhir@mwe.com
BARRINGTON DYER (SBN 264762)
bdyer@mwe.com
TERI H.P. NGUYEN (SBN 267498)
thpnguyen@mwe.com
NATALIE BENNETT (*Admitted Pro Hac Vice*)
nbennett@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: 650 815 7400
Facsimile: 650 815 7401

RUSSELL HAYMAN (SBN 110643)
rhayman@mwe.com
JON DEAN (SBN 184972)
jdean@mwe.com
McDERMOTT WILL & EMERY LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067
Telephone: 310-277-4110
Facsimile: 310-277-4730

Attorneys for Defendant
DIABLO TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIABLO TECHNOLOGIES, INC., a Canadian corporation,<br><br>Defendant. | CASE NO. 4:13-cv-05962 YGR<br>(Related Case No. 4:13-cv-05889 YGR)<br><br>**DIABLO'S BENCH BRIEF ON THE PROCEDURE FOR DISSOLVING THE PRELIMINARY INJUNCTION**<br><br>Ctrm: 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

Following a jury verdict rendering Defendant Diablo Technologies, Inc. ("Diablo") the prevailing party, Diablo respectfully submits this bench memorandum on the procedure to dissolve the Preliminary Injunction (Dkt. No. 277).

1. On January 12, 2015, this Court entered the Preliminary Injunction that is currently in effect. This Court's decision to enter a preliminary injunction was based its finding of "a likelihood of success on the merits of [Netlist's] contract claims." *Id.* at 12. The Court did not reach the question of likelihood of success on Netlist's trade secrets claim or any of Netlist's other claims. *Id.*

2. The enjoined Rush and Bolt chipset is Diablo's only product. Consequently, the Preliminary Injunction has closed Diablo's revenue stream completely. Therefore, in view of the jury's favorable verdict on Netlist's contract claims, Diablo expects to move with all due speed to effect the dissolution of the Preliminary Injunction.

3. Ordinarily, upon receipt of a verdict in favor of Diablo, this Court could simply order from the bench that the Preliminary Injunction is dissolved. However, the pending appeals to the Federal Circuit of the Preliminary Injunction divest this Court of jurisdiction to dissolve the preliminary injunction. *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982) ("When a judgment is appealed, jurisdiction over the case passes to the appellate court. The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed."). Federal Rule of Civil Procedure 62(c) provides: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." FED. R. CIV. P. 62(c). But the Ninth Circuit holds that this rule only permits a district court to maintain the status quo; it does not permit the dissolution of a preliminary injunction that is the subject of a pending appeal. *Id.*[1];

---

[1] In *McClatchy*, the Ninth Circuit wrote: "Rule 62(c) is merely expressive of a power inherent in the court to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify. It does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court. Rule 62(c) codifies the long established and narrowly limited right of a trial court to make orders appropriate to preserve the status quo while the case is pending in [an] appellate court. After appeal a trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court. . . . But it may not finally

*see also Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846-LHK, 2012 U.S. Dist. LEXIS 133456, at *19 (N.D. Cal. Sept. 17, 2012).

4. Because this Court lacks jurisdiction to dissolve the preliminary injunction outright, disposition of the motion is governed by Federal Rule of Civil Procedure 62.1, titled "Indicative Ruling on a Motion for Relief That Is Barred Pending Appeal." Rule 62.1(a) provides:

> (a) RELIEF PENDING APPEAL. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CIV. P. 62.1(a). Thus, the rule contemplates that Diablo must move to dissolve the injunction *even though* this Court lacks jurisdiction to grant the motion. The motion would ask this Court to state that if this Court had jurisdiction, this Court would dissolve the injunction based on the new facts of the jury verdict. The rule gives this Court four alternatives: (i) This Court may defer consideration of the motion; (ii) this Court may deny the motion; (iii) this Court may state that it would dissolve the injunction if it had jurisdiction to do so; or (iv) this Court may state that the motion raises a substantial issue—*i.e.*, that the Court would consider the motion on remand and might or might not grant it.

5. Rule 62.1(b) then provides: "The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue."[2] The Federal Circuit may then remand the matter for further proceedings—*i.e.*, disposition of the motion to dissolve the preliminary injunction—but would retain jurisdiction unless it expressly dismisses the appeal. *See* FED. R.

---

adjudicate substantial rights directly involved in the appeal." 686 F.3d 734-35 (citations and internal quotation marks omitted).

[2] Federal Rule of Appellate Procedure 12.1(a) provides: "If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

- 2 -

DIABLO'S BENCH BRIEF ON THE PROCEDURE TO DISSOLVE THE PRELIMINARY INJUNCTION
CASE NO. 4:13-CV-05962 YGR

1   APP. P. 12.1(b).[3]

2   6.   The procedural circumstances here are akin to the questions Judge Koh faced in *Apple v. Samsung*. *See* 2012 U.S. Dist. LEXIS 133456, at *19. Netlist is likely to oppose the request for immediate dissolution of the preliminary injunction by arguing that it intends to file motions for judgment as a matter of law or a new trial under Federal Rule of Civil Procedure 50(b). Such delay is unwarranted. It would be proper for the Court, having the jury verdict in hand and having heard the evidence, to evaluate the likelihood of success of FED. R. CIV. P. 50(b) motions in making its determination under Rule 62.1(b). In other words, the Court can still conduct its likelihood of success analysis without issuing a Final Judgment. The relevant legal issues were raised in the FED. R. CIV. P. 50(a) motions and were denied. Now that the jury has considered the evidence, Netlist no longer has a strong likelihood of success. Further, even if Netlist were succeeded under Rule 50(b), this Court would not, by virtue of having issued a Rule 62.1(b) determination, be barred from issuing a permanent injunction once the jury verdict is embodied in a Final Judgment.

7.   In summary, then, given that the jury found for Diablo, Diablo expects to implement the following procedure: Diablo will promptly move to dissolve the preliminary injunction. Diablo will ask the Court to state that it would grant the motion if it had the authority to do so. If this Court finds that the jury verdict materially changes this Court's view of Netlist's likelihood of success on the merits of its contract claim, this Court could state that if it had jurisdiction, this Court would dissolve the preliminary injunction. Diablo would then immediately notify the Federal Circuit of this Court's indicative ruling. The Federal Circuit may then remand the case, vesting this Court with jurisdiction to dissolve the injunction. Given the stakes for Diablo, which has no revenue as a result of the Preliminary Injunction, Diablo expects to press forward at each stage of the process with all possible speed.

---

[3] Federal Rule of Appellate Procedure 12.1(b) provides: "If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

Dated: March 25, 2015

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: */s/ Natalie A. Bennett*
    Natalie A. Bennett

Attorneys for Defendant
DIABLO TECHNOLOGIES, INC.