UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NETLIST, INC.,**<br><br>   Plaintiff,<br><br>   vs.<br><br>**DIABLO TECHNOLOGIES, INC.,**<br><br>   Defendant. | Case No.: 13-cv-5962 YGR<br><br>**ORDER DISSOLVING PRELIMINARY INJUNCTION** |

On January 6, 2015, the Court issued an order under seal indicating that it would grant in part the motion of Plaintiff Netlist Inc. ("Netlist") for a preliminary injunction, and directing the parties to address the amount of the bond and whether any part of the order should remain under seal. (Dkt. No. 251). At that same time, the Court issued an order advancing the trial date in this action in light of the potential for prejudice to Defendant Diablo Technologies, Inc. ("Diablo") on account of the preliminary injunction. (Dkt. No. 252.) On January 12, 2015, the Court issued its Amended Order Granting In Part Motion for Preliminary Injunction, which enjoined Diablo "from manufacturing, using, distributing and/or selling the Rush and Bolt integrated circuits manufactured by or obtained from Diablo, including any such Rush and Bolt integrated circuits contained in or provided along with the ULLtraDIMM module, the IBM eXFlash module, or any other product." (Dkt. No. 277, "Preliminary Injunction Order," at 20.)

The case thereafter proceeded to a jury trial. Jury selection was held on March 2, 2015, and jury trial commenced on March 9, 2015. On March 25, 2015, the jury returned its verdict in favor of Diablo on the claims of Netlist for breach of contract, trade secret misappropriation, and correction of inventorship, and in favor of Netlist on its claims of trademark infringement and Lanham Act false advertising. (Dkt. No. 420.) Now before the Court is Diablo's Motion to Dissolve the Preliminary Injunction. (Dkt. No. 440.)

The Court, having considered the papers and pleadings in this matter, the evidentiary record, and the arguments of the parties, **ORDERS** that the Motion is **GRANTED** and the Preliminary Injunction Order issued January 12, 2015 is **DISSOLVED**.

To establish a right to a preliminary injunction, a plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1054 (9th Cir. 2009). Thus, preliminary injunctive relief is appropriate only where the moving party demonstrates that there is a likelihood of success on the merits of its claims. *Winter,* 555 U.S. at 21.

"[S]ound judicial discretion may call for modification of the terms of an injunction decree if the circumstances, whether of law or fact, obtained at the time of its issuance have changed, or new ones have arisen." *Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 859 (9th Cir. 2004) (quoting *Sys. Fed'n No. 9 Railway Employees' Dept. v. Wright*, 364 U.S. 642, 647–48 (1961)). "Because injunctive relief is drafted in light of what the court believes will be the future course of events… a court must never ignore significant changes in the… circumstances underlying an injunction lest the decree be turned into an instrument of wrong." *Salazar v. Buono*, 559 U.S. 700, 714-15 (2010) (internal quotation marks omitted). "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

The jury's verdict was in favor of Diablo on the breach of contract claims that formed the basis for the Court's grant of a preliminary injunction, as well as its verdict in favor of Diablo on the trade secret misappropriation claims as to which Netlist also sought injunctive relief. The verdict represents a significant change in the likelihood of Netlist's success on the merits of its claims, based upon the full trial record. With the likelihood of success so undermined, the foundation for a preliminary injunction no longer exists.

Netlist contends that the Court should deny the motion to dissolve or delay ruling on it until it has decided Netlist's yet-to-be-filed post-trial motions. The Court does not find this to be a persuasive reason to maintain the preliminary injunction. A preliminary injunction must be based upon the record before the Court at this time. The possibility that, at some point in the future, the Court might grant a motion by Netlist that would reverse the jury's verdict is insufficient to overcome the current state of the case: that Netlist failed to persuade a jury that Diablo breached any agreement or misappropriated any trade secrets. The balance of the equities, in light of that verdict, tips sharply in favor of Diablo being allowed to resume sales of its products. And the public interest does not favor enjoining sales of a product as to which the jury found no illegal advantage.

Finally, as the district court noted under similar circumstances in *Apple v. Samsung*, No. 11-cv-1846, 2012 WL 4490558, at *2 (N.D. Cal. Oct. 1, 2012), should Netlist prevail on any post-trial motion, a permanent injunction would be prospective from that point, not retroactive. The Court's determination that Netlist can no longer show a likelihood of success on the present record does not prejudge the possibility of Netlist prevailing on any post-trial motion it might file. The Court's order herein simply acknowledges the state of the case at this time.[1]

For the foregoing reasons, Diablo's Motion to Dissolve the Preliminary Injunction is **GRANTED** and the January 12, 2015 Preliminary Injunction Order is **DISSOLVED**.

**IT IS SO ORDERED.**

Dated: April 24, 2015

**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] It is worth noting that the Federal Circuit's orders granting a limited remand to this Court for purposes of a decision on the motion to dissolve the preliminary injunction, pending Diablo's appeal of the preliminary injunction order, stayed the effect of the preliminary injunction. (*See* Dkt. Nos. 434, 441.)