**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NETLIST, INC.,**<br>Plaintiff,<br>vs.<br>**DIABLO TECHNOLOGIES, INC.,**<br>Defendant. | Case No.: 13-cv-5962 YGR<br><br>**ORDER DENYING DIABLO'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON LANHAM ACT CLAIMS**<br>**(DKT. NO. 470)** |

Defendant Diablo Technologies, Inc. ("Diablo") renews its motion for judgment as a matter of law with respect to the two Lanham Act Claims, for trademark infringement and false advertising, on which the jury found in favor of Plaintiff Netlist, Inc. ("Netlist"). (Dkt. No. 470.)

Netlist brought these claims to trial on the theory that: (1) Diablo intentionally and without authorization used Netlist's HyperCloud® trademark on its website, without including any explanation or reference that the HyperCloud® module was Netlist's product, thereby implying the HyperCloud® module was Diablo's product; and (2) Diablo used the trademark with the intention of gathering information about customer interest in the HyperCloud® module for purposes of marketing a competing Diablo product. Diablo argues that Netlist introduced no evidence on any of the elements of a false advertising claim, and no evidence that Diablo's use of the HyperCloud® mark was likely to cause confusion, mistake, or deception of consumers for purposes of the trademark infringement claim.

The Court has carefully considered the papers submitted and the pleadings in this action, the witnesses' testimony and entire trial record, the arguments of counsel, and the applicable authorities. Based upon that review, and for the reasons set forth below, the Court **DENIES** Diablo's renewed motion for judgment as a matter of law.

## I. APPLICABLE STANDARD

Federal Rule of Civil Procedure 50(b) provides that if a court does not grant a motion for judgment as a matter of law made under Rule 50(a)2, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." A party having previously made such a motion "may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). In ruling on the renewed motion, the court may: (1) allow judgment on the verdict; (2) order a new trial; or (3) direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b)(1)-(3).

In reviewing a renewed motion for judgment as a matter of law, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Josephs v. Pacific Bell,* 443 F.3d 1050, 1062 (9th Cir. 2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* "A jury's verdict must be upheld if it is supported by substantial evidence." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) (emphasis supplied) (further explaining that "[s]ubstantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence"). The court may not weigh evidence or order a result it finds more reasonable if substantial evidence supports the jury verdict. *Mosesian v. Peat, Marwick, Mitchell & Co.,* 727 F.2d 873, 877 (9th Cir. 1984). While the court should review the record as a whole, "it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 151 105 (2000).

## II. DISCUSSION

### A. Evidence

At trial, the Court admitted the following evidence related to the Lanham Act claims:

- Diablo's website in 2011 referred to "Netlist's patented DDR3 HyperCloud memory modules." (Trial Tr. 441:13-442:9 [Hong]; Trial Tr. 730:3-732:16 [Paillard]; Trial Tr. 831:12-832:14, 833:10-12 [Badalone]; Trial Exh. 166.)

- Netlist did not give Diablo the right to use the word "Hypercloud" on its website, and Diablo never asked Netlist if it could use "Hypercloud" without any reference to Netlist. (Trial Tr. 442:10-24, 443:20-22, 443:23-444:1 [Hong].)
- In October 2010, Cedric Paillard (Diablo's Vice President of Business Development) instructed Troy Kay (responsible for Diablo's website) that Diablo should "collect who is interested in HyperCloud for TeraDIMM possible marketing activities." (Trial Exh. 104; Trial Tr. 724:20-729:24 [Paillard].)
- In September 2011, Diablo's website "products" page included language that "[t]he VT-Berlinetta chipset, specifically designed for Netlist provides the Load Reduction and Rank Multiplication implementation for Netlist's patented DDR3 Hypercloud memory modules" and used the term HyperCloud® several other times on that page. (Trial Exh. 166.)
- On April 3, 2012, Netlist's HyperCloud® trademark was registered with the United States Patent and Trademark Office. (Trial Exh. 129; Trial Tr. 441:2-7 [Hong].)
- In November 2012, in response to Kay's inquiry about whether the webpage should reference VT-Berlinetta or HyperCloud, Franco Forlini, a Diablo executive, instructed Kay "to remove all reference to Netlist" from the website or the description of the HyperCloud® module and instead refer to "a proprietary design." (Trial Tr. 831:16-832:14 [Badalone], Trial Exh. 133, 166.)
- Diablo's website in 2012 and 2013 referred to "DDR3 HyperCloud memory modules" without reference to Netlist. (Trial Tr. 442:25-444:21 [Hong]; Trial Tr. 732:17-733:19 [Paillard]; Trial Tr. 831:12-832:14, 833:10-12 [Badalone]; Trial Exh. 166.)

**B.     Trademark Infringement**

To prove trademark infringement, a plaintiff must show: (1) ownership of a valid mark; and (2) that the alleged infringer's use of the mark "is likely to cause confusion, or to cause mistake, or to deceive" consumers. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005). Diablo argues that Netlist offered no evidence of likelihood of confusion. However, Diablo does not meet its burden to show that no reasonable jury could find that Diablo's use of the HyperCloud mark was likely to cause confusion.

3

In the seminal Ninth Circuit case on trademark infringement, *Sleekcraft*, the court held "[w]hen the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979) *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 810, fn. 19 (9th Cir. 2003); *see also Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management*, 618 F.3d 1025, 1030-31 (9th Cir.2010) (applying *Sleekcraft* test).  Knowing use of another's mark tends to establish that the alleged infringer expects confusion to result, and therefore that there is a likelihood of confusion. *Dep Corp. v. Opti-Ray, Inc.*, 768 F.Supp. 710, 716-17 (C.D. Cal. 1991); *see also Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 157-58 (9th Cir. 1963) (when there is evidence that "another's name was adopted deliberately with a view to obtain some advantage…then the inference of likelihood of confusion is readily drawn").

Based on this well-settled law, the jury was instructed, in part, that one factor to consider in determining whether Netlist had shown a likelihood of confusion was that "[k]nowing use by Diablo of Netlist's mark to identify similar goods may strongly show an intent to derive benefit from the representation of Netlist['s] mark suggesting an intent to cause a likelihood of confusion."  (Trial Tr. 2103:12-15; *see* NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 15.16.)

The evidence here was sufficient for a jury to conclude that Diablo intentionally omitted reference to Netlist and used potential interest in HyperCloud, and confusion about its ownership, to gather potential customers for its own product.  There is no basis for the Court to set aside the jury's decision on this claim.

### C. False Advertising

To prove false advertising in violation of 15 U.S.C. section 1125(a)(1), a plaintiff must show: (1) the defendant made a false "designation of origin, false or misleading description of fact, or false or misleading representation of fact" either about the plaintiff's or its own product; (2) the statement was made in a commercial advertisement or promotion; (3) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (4) the deception is material, in that it

4

is likely to influence a purchasing decision; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product. 15 U.S.C. §1125(a)(1); *see also Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 n.4 (9th Cir. 2002).

Diablo argues that the first element is not established because omission of a reference to Netlist on its website in connection with the HyperCloud name was not a false statement. Section 1125(a)(1) makes a false or misleading representation of fact about a product actionable. *See also Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 946 (9th Cir. 1993) (a false statement includes one that is "false by necessary implication"). Here, the jury was presented with evidence from which it reasonably could determine that a consumer viewing Diablo's webpage would have been misled by the omission of Netlist's name in connection with HyperCloud mark, and substitution of the words "a proprietary design," such that the consumer would believe, incorrectly, that HyperCloud was Diablo's technology.

Similarly, the evidence that Diablo used the HyperCloud mark on its website with the intention of "collect[ing] who is interested in HyperCloud for TeraDIMM possible marketing activities" is enough to permit a reasonable jury to determine that Diablo was in competition with Netlist to a sufficient degree, and that the statement was made in a commercial forum meant to influence purchasing decisions. It is also sufficient for a reasonable jury to find that Diablo's use of the HyperCloud mark without mention of Netlist had a tendency to deceive viewers of the website.

As to the interstate commerce element, the jury had before it evidence that the statement was on Diablo's website for several months. It is well-known to the average juror that the Internet "is an instrumentality and channel of interstate commerce" and "use of the internet is intimately related to interstate commerce." *United States v. Sutcliffe*, 505 F.3d 944, 952, 953 (9th Cir. 2007); *see also Gallup, Inc. v. Bus. Research Bureau (Pvt.) Ltd.*, No. C 08-01577 WHA, 2008 WL 4857027, at *5 (N.D. Cal. Nov. 10, 2008) (finding, in Lanham Act action for trademark infringement and unfair competition, that statements on Internet website were made in interstate commerce).

Finally, on the element of likelihood of injury or lessening of goodwill, Plaintiffs introduced evidence that Diablo intended to use the information about Netlist's HyperCloud as a means of gathering information about interested customers for its own future marketing.  It also offered evidence from Netlist's CEO that potential customers cancelled meetings due to who would be interested in its own products "confus[ion] [in] the market as to the true rightful owner of this technology."  (Trial Tr. 489:16-18 [Hong].)  Such evidence could allow a reasonable jury to find for Netlist on the likelihood of injury element.

### III.    CONCLUSION

The standard for granting a renewed motion for judgment as a matter of law is high, and the Court must draw all reasonable inferences in favor of upholding the jury's verdict.  Diablo has not offered a sufficient basis to disturb that verdict.  For the foregoing reasons, Diablo's Renewed Motion for Judgment As A Matter Of Law is **DENIED**.

This Order terminates Dkt. No. 470.

**IT IS SO ORDERED.**
Date: September 1, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**