1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**NETLIST, INC.,**

Plaintiff,

vs.

**DIABLO TECHNOLOGIES, INC.,**

Defendant.

Case No.: 13-cv-5962 YGR

**ORDER RE: PREVAILING PARTY DETERMINATION FOR PURPOSES OF BILL OF COSTS**

**(DKT. NO. 471, 481, 483, 484)**

Plaintiff Netlist, Inc. ("Netlist") filed its Bill of Costs (and Amended Bill of Costs) on the contention that, as a plaintiff that obtained some relief on some of its claims, it is a prevailing party entitled to its costs. Relying on the U.S. Supreme Court's decision in *Farrar v. Hobby*, 506 U.S. 103, 113 (1992), Netlist argues that where there is a mixed verdict with only some successes by the plaintiff, even if it is only awarded nominal damages, the plaintiff is the prevailing party.

Defendant Diablo Technologies, Inc. ("Diablo") objects that Netlist prevailed only on its two Lanham Act claims, obtained only nominal damages of one dollar on each of those claims, and lost on all significant claims in the litigation. Thus, it is not a prevailing party and is not entitled to costs.

There can only be one prevailing party in any given case. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). It is true that "a plaintiff who wins nominal damages is a prevailing party." *Farrar*, 506 U.S. at 112-113. In *Farrar*, the civil rights plaintiff proved a Constitutional violation, but did not establish damages proximately caused by that violation, and so was awarded only nominal damages on his claims. *Id.* at 107-08. However, the *Farrar* case did not address a mixed verdict situation.

"[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly

benefits the plaintiff." *Farrar*, 506 U.S. at 111-12. There is no question that nominal damages constitute "actual relief on the merits… materially alter[ing] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id*. "Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor." *Shum*, 629 F.3d at 1367. However, in a mixed judgment case, the Court must examine the parties' respective successes to determine which one of the two is the prevailing party. *Id.* If plaintiff's success is only limited and does not alter the defendant's behavior in any way that significantly benefits the plaintiff, it is not the prevailing party. *Id.* at 1368-69.

Here, the Court has considered and denied Diablo's motion for judgment as a matter of law on Netlist's Lanham Act claims. Thus, Netlist succeeded on those claims. However, that success is only of limited significance, given that the conduct on which it was based was discontinued years ago and has no forward-looking effect on the parties. It does not alter Diablo's behavior in any significant way. Further, the significant successes here were in favor of Diablo, which prevailed on the breach of contract and misappropriation of trade secret claims, as well as the correction of inventorship claim.

Based on an examination of the parties' respective successes, the Court finds that Diablo is the prevailing party in this action for purposes of Rule 54 of the Federal Rules of Civil Procedure.

The Clerk of the Court is directed to proceed with consideration of Diablo's Amended Bill of Costs (Dkt. No. 481) and any objections thereto.

**IT IS SO ORDERED.**

Date: September 1, 2015

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California