**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NETLIST, INC.,**<br><br>        Plaintiff,<br><br>    vs.<br><br>**DIABLO TECHNOLOGIES, INC.,**<br><br>        Defendant. | Case No.: 13-cv-5962 YGR<br><br>**ORDER DENYING DIABLO'S MOTION FOR ATTORNEY'S FEES**<br>**(DKT. NO. 469)** |

   Defendant Diablo Technologies, Inc. ("Diablo") brings its Motion for Attorney's Fees pursuant to Federal Rule of Civil Procedure 54(d)(2), Civil L.R. 54-5, and 35 U.S.C. § 285.  (Dkt. No. 469)  Specifically, Diablo moves for an award of attorneys' fees incurred in its defense against Plaintiff's claim for correction of inventorship of a patent, under the "exceptional case" provision.  Diablo seeks a total of $493,125 for that portion of the case only.

   The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  An "'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749, 1756 (2014).  The determination of what is "exceptional" is a made in exercise of the court's discretion taking into account the totality of the circumstances.  *Id.*  The court considers such factors as evidence of bad faith litigation, objectively unreasonable positions, or improper conduct either before the Patent and Trademark Office or the court.  *Id.* at 1756-57.  In short, attorneys' fees under 35

U.S.C. section 285 are awarded "in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757.

Diablo contends that the inventorship claim is such an exceptional case because the record herein demonstrates that Plaintiff Netlist, Inc. ("Netlist") never had an adequate basis for bringing the correction of inventorship claim. Netlist brought a claim alleging that Dr. Hyun Lee and Thomas Bryan were the inventors of the '917 patent. Diablo argues that they never introduced any evidence to support Bryan's inventorship, and the evidence from Dr. Lee indicated that he had not read the '917 patent in detail. Moreover, the standards applicable to a claim for correction of inventorship require more evidence than just the alleged inventor's testimony. *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993); *see also Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000). Diablo argues that Netlist's failure to present any corroborating evidence demonstrates that it had no good faith basis for the claim.

Taking into account the totality of the circumstances and evidence presented, the Court does not find that attorneys' fees are warranted under the exceptional case rule. While Netlist's evidence failed to persuade the jury that Dr. Lee was an inventor on the '917 patent, both Dr. Lee and Netlist's expert, Ken Jansen, offered testimony about Dr. Lee's contribution to several of the '917 patent's claims. Netlist also presented a February 3, 2009 memo by Dr. Lee. (Trial Exh. 80.) Dr. Lee and Mr. Jansen testified that several of the parameters discussed in that memo were subsequently added to the patent application and final '917 patent. (Trial Tr. 645:7-9 [Lee]; Trial Tr. 1221:1-1225:10 [Jansen].) Diablo's own witnesses testified to meetings with Dr. Lee to discuss specifications that were ultimately contained in the '917 patent. (Trial Tr. 1509:21-1515:15 1579:1-6, 1582:22-25, 1600:18-1603:21 [Amer].) The jury's decision indicates that, after being presented with all the evidence, they believed that Dr. Lee's recommendations during those meetings were rejected by Diablo's engineers, and that he made no contributions to the '917 patent's claims. However, an adverse determination by the jury, standing alone, is not a basis for finding exceptional circumstances.

The Court therefore finds that Netlist's position was not objectively unreasonable. The claim for correction of inventorship does not present the "rare" case warranting an award of attorneys' fees.

## II.   CONCLUSION

For the foregoing reasons, Diablo's Motion for Attorneys' Fees is **DENIED**.

This Order terminates Dkt. No. 469.

**IT IS SO ORDERED.**

Date: September 1, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**